BY THE COURT.
Plaintiff’s action in the court of common pleas, which resulted in a verdict and judgment thereon in the amount of $1,-500, was for personal injuries sustained by him from contact with an automobile occupied at the time by plaintiff in error, Queenie Place, who Avas a defendant below with Bert E. Place, who was her father, and one Paul D. Sweney.
In an early stage of the action it was dismissed as to the defendant Bert E. Place.
On the trial, verdict and judgment were rendered in favor of Paul D. Sweney.
The undisputed eAÚdenee shows that Queenie Place and Paul D. Sweney, both of whom were minors, started in an automobile owned by the young lady’s father, the said Bert E. Place, for a drive which commenced in Galion. Miss Place was operating, the car at the time they started from Galion, but on the trip to Bucyrus, where plaintiff’s injuries occurred, she gave over the operation of the ear to Mr. Sweney, who continued to drive until they reached the latter city and until after plaintiff sustained his injuries. At a point in Bucyrus just off the public square the car struck plaintiff below and carried him some distance until it collided with the rear of another automobile standing ahead of it in the street.
The evidence introduced in behalf of the plaintiff below tends to show that the position of Miss Place at the side of Mr. Sweney was such that by the exercise of ordinary care she could, because of the mechanism Avith which the car was provided, have caused it to stop in time to have avoided colliding with the standing car.
Plaintiff’s evidence also tends to shoAv that by the exercise of due care on the part of Mr. Sweney, he could have stopped the car before the collision, not only by turning the switch, but also by the application of a brake, neither of which he attempted to do.
While the theory of counsel on behalf of defendant in error is that the liability, if any, of Queenie Place arose from her negligence in failing to personally exercise the claimed requisite care to avoid the injury to plaintiff below, and while that con *353 tention is not without support, the province of the court in reviewing the case is, of course, not limited to such consideration.
All reasonable presumptions in favor of the judgment's validity must be indulged, and if upon any proper view the record is in such state as to sustain the verdict and judgment, the latter must be affirmed.
Under all the circumstances, Miss Place and Mr. Sweney could, by the jury have been found to have been engaged in a joint enterprise, in which status each would be answerable for the tortious acts of the other. Sherman & Redfield, Law of Negligence, Sixth Edition, page 317; 57 L. R. A. (N. S.), 436-439, and eases cited in note.
Another view of the transaction is worthy of consideration, namely, that the jury may have concluded that Mr. Sweney was the agent of Miss Place at the time of the injury. And it can not be said that such conclusion is entirely without warrant. Assuming Miss Place to have been in rightful possession of the car, Mr. Sweney was either her agent in its operation or voluntarily assumed with her the management of the car, or wholly superseded her in its operation. If the latter, then the contention of the plaintiff that she was personally negligent when she saw the position of peril of plaintiff below, which his evidence tended to show she saw or could have seen, and failed to exercise due care, would be correct.
The consistent view, inasmuch as the jury found in favor of Mr. Sweney, is that they regarded him as the agent of Miss Place at the time plaintiff received his injuries.
Counsel for plaintiff in error argue that, upon that theory, the judgment should be reversed because Mr. Sweney was not a proper party.
So far as that contention affects plaintiff below it is a sufficient answer, that she can not in the first instance raise it in the reviewing court. The proper practice is that employed in the case of French v. Central Const. Co., 76 Ohio St. 509 [81 N. E. 751; 12 L. R. A. (N. S.) 669].
Numerous reasons are urged for reversal of the judgment. All have been examined, and none found of such character as to afford that relief to plaintiff in error.
The charge is not wholly free from inaccuracies. Much *354 might have been omitted, and the jury left adequately informed of the issues and their duty in respect to them. But the charge does sufficiently set forth the various material questions for the jury’s determination, and does also adequately inform them of the rights and liabilities of the parties to the suit, and does fully acquaint them respecting their province. Possessing these attributes, and containing nothing prejudicially erroneous, the charge can not be deemed an improper one.
If the duty rested on this court to determine the facts, it might not have done so as did the jury. But the court’s duty is to review and to reverse only where there is error substantially affecting a right of the complaining party. The record is not in that condition, and consequently the judgment must be affirmed.
Crow, Kinder and Robinson, JJ., concur.